20981. JAMES TALCOTT, INC. v. DeWITT *et al.*

CANDLER, Justice. Under and pursuant to the provisions of *Code* §§ 67-1601 and 67-701, James Talcott, Inc., as transferee thereof, foreclosed two retention-of-title contracts which James Sheriff had previously given to Chemmell, Inc., to secure the purchase-price of a specified number of chickens which he had bought from Chemmell, Inc. The foreclosure executions were issued by James A. Brabson, as Clerk of the Superior Court of Habersham County, Georgia, and such executions were based on an affidavit which W. Howard Fowler made for the purpose of foreclosing them and in which he deposed that he was the attorney for James Talcott, Inc., the foreclosing party; that James Sheriff, the maker of such contracts, was a resident of Habersham County; and that stated amounts of principal, interest, and attorney fees were unpaid and past due on the notes secured by such retention-of-title contracts. The executions were levied on the property described in the contracts by A. J. Chapman, as the Sheriff of Habersham County, and the defendant (James Sheriff) did not replevy the property so levied on. Proceeding under the provisions of *Code* §§ 39-1203 and 39-1204, the plaintiff in

such executions, acting through its attorney of record, W. Howard Fowler, applied for and obtained an order from the Ordinary of Habersham County, which authorized the levying officer to sell the seized property at a designated place in Habersham County after advertising the time and such place of his sale for three days. Pursuant to the terms of such order and after advertising his sale for the required time, Sheriff Chapman sold such property at public auction on January 4, 1960, and it was knocked off to Raymond DeWitt on his bid of $200, which was the highest bid received. Subsequently, on January 19, 1960, the plaintiff in such executions filed a motion in the Superior Court of Habersham County, and prayed for a rule nisi requiring Raymond DeWitt, the purchaser, and A. J. Chapman, the sheriff, to show cause before the judge of that court why the sale of such property should not be set aside; but the defendant in such executions (James Sheriff) was not made a party to the motion or served with notice of it. The motion was verified by W. Howard Fowler, movant's attorney, and alleges that the foreclosure executions under which the sale was made are null and void because the defendant therein (James Sheriff) was not a resident of Habersham County when they were issued, but was at such time a resident of Banks County, Georgia, and because the property was knocked off to the purchaser DeWitt at and for a grossly inadequate price, and such inadequacy of price was due to and caused by movant's "misapprehension and surprise in believing that it had a representative at said sale to bid on said property, and that the property was bid in and cried off to the said Raymond DeWitt before petitioner discovered that its representative was not present at and bidding at such sale." The motion further alleges that Sheriff Chapman "has or is about to receive the consideration and execute a bill of sale to the said Raymond DeWitt, who bid in said property at said purported sale." In addition to its prayers for a rule nisi and that the sale to DeWitt be set aside, movant prayed that Sheriff Chapman be enjoined from executing a bill of sale to the purchaser DeWitt; that DeWitt be enjoined and restrained from receiving a bill of sale from the sheriff; and that a restraining order be issued protecting movant's rights in the premises. On this motion the judge granted a rule nisi requiring Chapman and DeWitt to

show cause before him at a specified time and place why the prayers of the motion should not be granted, and such rule by its terms restrained and enjoined DeWitt from encumbering or disposing of said property until the further order of the court. The motion was dismissed on a general demurrer which the respondent DeWitt interposed, and the exception is to that judgment. *Held:*

There is obviously no merit in the contention that the trial judge erred in dismissing the *motion* for equitable relief which the plaintiff in this foreclosure proceeding filed in the Superior Court of Habersham County against the purchaser at a judicial sale and the sheriff who conducted it. The facts alleged in the motion are not only an insufficient basis for the equitable relief sought by the movant, but there is no law in this State which authorizes the procedure pursued by the movant; and such ruling so completely accords with the principles of our system of jurisprudence and with our statutory rules of practice and procedure that citation of authority in support of the ruling is not deemed necessary.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1960—DECIDED OCTOBER 11, 1960.

*Wheeler, Robinson, Norton & Thompson, W. Howard Fowler,* for plaintiff in error.

*Linton K. Crawford,* contra.